[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by Gregory F. Cichowski and Emine K. Cichowski, a/k/a Enine K. Cichowski, from the assessment of damages in the amount of $13,200 paid by the defendant for the partial taking by eminent domain on May 9, 1990, of their property on the southwesterly side of Storrs Road (Route 195) in the Town of Mansfield, and bounded: Northeasterly by Route 195, about 130 feet; Southeasterly by land n/o/f/o Hayrettin Kardestuncer, about 6 feet; Southwesterly by the owners' remaining land, designated "Taking Line" on the map hereinafter referred to, about 130 feet; and Northwesterly by land n/o/f/o Exxon Corporation, about 6 feet.
Said parcel contains about 0.017 of an acre, together with all appurtenances, all of which more particularly appears on a map entitled: "Town of Mansfield, Map Showing Land Acquired From Gregory F. Cichowski et al by the State of Connecticut, Intersectional Improvement, U.S. 44 Conn. 195, Scale 1" = 40", Dec. 1989, Robert W. Gubala, Transportation Chief Engineer — Bureau of Highways."
Said premises were taken together with a full and perpetual easement to slope for the support of the highway within an area of 0.020 of an acre, more or less, and located between and opposite approximate Stations 38+85 and 40+11 left, Base Line Route 195, as more particularly shown on said map. Also taken was a temporary right to construct a bituminous concrete driveway between and opposite approximate Stations 38+88 and 39+00 left, said Base Line, as more particularly shown on said map.
The subject property before the taking consisted of a rectangular shaped parcel of land containing about 0.72 of an acre, or 31,363 square feet. It is zoned for commercial use, Planned Business — 1 (PB-1) zone, CT Page 10090 although it is presently improved only with a one and one-half story frame single-family dwelling, containing 1,864 square feet, constructed in 1936. A two-car garage is attached to the home.
The property is located on Storrs Road (Route 195), a heavily traveled and commercially developed highway leading to the University of Connecticut, located to the southeast a short distance away. The property is adjacent to a service station at the southeast corner of Routes 195 and 44, and because of its proximity to that intersection is considered a corner lot. A change from its present land use as residential to commercial is likely in the future. While its highest and best use at the present time is a continuation of its residential use, there is a potential for future development commercially, based on the opinion of the defendant's appraiser that the highest and best use is "current residential use to commercial use," and the court so finds.
The minimum setback from the front lot line in a PB-1 zone is 100 feet. The lot is nonconforming in this respect, and the taking of about six feet along its total frontage will increase this nonconformity. For the protection of its occupants, especially children, and for privacy from highway traffic, the front is heavily buffered by 35 to 40 medium and large trees and 4 large shrubs within the taking area. The house is served by a well which is also located within the taking area. This well system will be removed by the taking.
Comparable sales were considered the best indicators of the value of the land taken in the opinion of the state's appraiser. His valuation of the subject property before the taking was as follows:
Land: 31,363+/- s.f. @ $2.30/s.f. $72,135
 Site Improvements affected: 1 well system 5,000 4 medium shrubs @ $50 each 200 Tree buffer at cost to cure 4,800 ------- Total before value $82,135
His valuation of the property after the taking was as follows:
 Unencumbered land: 29,751+/- s.f. @ $2.30/s.f. $68,427 Land encumbered by slope: 871+/- s.f. @ $2.30 (25%) 500
 Total after value $68,927 ------- Total damages (rounded) $13,200
The defendant's appraiser made the following notation to this evaluation: "The installation of both trees and fencing in the above cost to cure was necessary for the protection of the children who play in yard, CT Page 10091 previously heavily buffered by trees." (Emphasis in original.) His appraisal in this regard provided for the installation of 140+/- linear feet of solid wood board fencing 6-8 feet high at a cost of $2,100, and the planting of 18 white pine trees 6 feet in height set 8 feet on center at a cost of $2,700, for a total cost to cure of $4,800.
In the opinion of the plaintiffs' appraiser, the highest and best use of the subject property after the taking is for continuation of its present use as a single-family residential dwelling. No mention is made in his appraisal report of the commercial potential of the subject property. This may be due to his erroneous classification of the property as being in a Residential RAR-40 zone. In his comparable sales analysis he utilized only sales of residential property consisting of single-family homes and land.
The valuations for the subject property in its entirety reached by the plaintiffs' appraiser were $180,000 before the taking, and $150,000 after the taking, resulting in damages of $30,000, to which he added $5,000 for the cost of curing the well, or total damages of $35,000.
It is the duty of this court to make an independent determination of value and fair compensation for the property taken in the light of all circumstances, the evidence, the opinions of the expert witnesses, his knowledge of the elements that establish value, and a viewing of the premises. Minicucci v. Commissioner of Transportation, 211 Conn. 383, 388
(1989). In performance of this duty, I find that the before taking value of the plaintiffs' land was $109,500, and that the after taking value of the remaining land is $89,900. Damages, therefore are assessed at $19,600.
Judgment may enter for the plaintiffs in the amount of $19,600, less $13,200 already paid, or an excess of $6,400, with interest on such excess from the date of taking to the he he date of payment, together with costs, and a reasonable appraisal fee of $750.00
WILLIAM C. BIELUCH STATE TRIAL REFEREE